The judgment for $250 is affirmed, with costs in both courts.

=====

(74 South. 178)

No. 20817.

ROYAL v. NEW ORLEANS RY. & LIGHT CO.

(Feb. 12, 1917.)

*(Syllabus by Editorial Staff.)*

STREET RAILROADS ☞114(1) — INJURIES TO WAGON DRIVER—EVIDENCE—CAUSE OF INJURY.

In an action for injuries resulting in death to the driver of a wagon when the end of a street car which was turning a curve swung out from the tracks and struck his wagon a glancing blow, evidence *held* not to show that deceased received any injuries from the collision.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 239.]

Appeal from Civil District Court, Parish of Orleans; T. C. W. Ellis, Judge.

Action by Celestine Royal, widow of Anthony Lawson, against the New Orleans Railway & Light Company. Judgment for the defendant, and plaintiff appeals. Affirmed.

A. A. Calongne and A. J. Peters, both of New Orleans, for appellant. Dart, Kernan & Dart, of New Orleans, for appellee.

PROVOSTY, J. The outer and inner bound street railway tracks of the defendant company on the neutral ground along the middle of Canal street are connected at the end of the street, near the Louisville & Nashville Railroad depot, by a curve around the monument in the middle of the street. This curve is necessarily sharp, so that when the long cars are on it their ends swing out a considerable distance. The rear end of one of the cars, in swinging out in this way, struck the hind wheel of a one-horse, no-top, spring wagon, which the 72 year old husband of plaintiff was driving on his way to the depot with a trunk, a child on the driver's seat with him, and a little grandson, 13 years old, on the trunk back of him. The latter says, of the collision: "It busted the seat, and he (the old man) went back and hit the trunk." This concussion, according to plaintiff, caused the old man to take to his bed on reaching home, and brought on the paralysis of which he died seven months later. We cannot accept that explanation of the old man's illness and death, for the very good reason that two of the prominent business men of this city, one of whom was on the step of the car and had to spring back in order not to find himself between the car and the wagon, and the other of whom was in the rear door of the car, who were produced by plaintiff as witnesses, testified that the collision was but slight, did not cause the old man to let go of the reins or leave his seat, but at most may have shaken him up a little. The undisputed fact is that he never stopped, but kept on, his way as if nothing had happened. There is conflict in the evidence as to the old man's taking to his bed having coincided with the accident, and also as to whether it was the car that caught up with the wagon, or the wagon with the car, which latter is not improbable from the fact that, in engaging the curve, the car had to slow up in order not to jerk the trolley from the wire. If it was the wagon that caught up with the car, the accident would, of course, have been brought on by the old man himself; but, in the contrary event, we are not so clear that the failure of the motorman to foresee that the rear end of his car in swinging out might thus graze the wagon (for the contact was little more than a grazing) would constitute negligence; nor that, if it did constitute negligence, the old man, whose life occupation was the driving of this wagon on the streets, should not have known of the danger

of coming too close to the car track at this curve, and not exposed himself to it.

The suit is for injury to the old man, and we find that there was none.

Judgment affirmed.